**STRANGE v. STATE.** (No. 3706.) (Court of Criminal Appeals of Texas. Oct. 20, 1915.) Appeal from McLennan County Court; Geo. N. Denton, Judge. Sheb Strange was convicted of aggravated assault, and he appeals. Affirmed. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of an aggravated assault, and fined $75. There is no statement of facts in the record, and nothing is presented which can be reviewed in the absence of this. The judgment is therefore affirmed.

**TOLLIVER v. STATE.** (No. 3671.) (Court of Criminal Appeals of Texas. Oct. 13, 1915.) Appeal from Criminal District Court, Dallas County; W. L. Crawford, Jr., Judge. Jim Tolliver was convicted of a public offense, and he appeals. Affirmed. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. The record before us contains neither a statement of facts nor any bill of exceptions. The information charges an offense against the laws of this state, and there is no question presented we can review. Affirmed.

**TREUBINE v. STATE.** (No. 3799.) (Court of Criminal Appeals of Texas. Nov. 3, 1915.) Appeal from Ellis County Court; W. M. Tidwell, Judge. Joe Treubine was convicted of gaming, and he appeals. Affirmed. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of gaming, and his punishment assessed at a fine of $10. Neither a statement of facts nor any bills of exception accompany the record. The information charges the offense of which appellant was convicted. No ground is stated in the motion for a new trial we can review in the absence of the testimony. The judgment is affirmed.

**WILLIS v. STATE.** (No. 3702.) (Court of Criminal Appeals of Texas. Oct. 20, 1915.) Appeal from District Court, El Paso County; W. D. Howe, Special Judge. C. E. Willis was convicted of burglary, and he appeals. Affirmed. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of burglary, and assessed the lowest punishment. There is no statement of facts, nor any bills of exceptions. Nothing is presented which can be reviewed by this court. The judgment is therefore affirmed.

**CHICAGO, R. I. & P. R. CO. v. JONES.** (Supreme Court of Arkansas. Sept. 21, 1914.) Appeal from Circuit Court, Prairie County, Southern District; Eugene Lankford, Judge. PER CURIAM. Appeal dismissed on appellant's motion.

**HURST v. STATE.** (Supreme Court of Arkansas. Oct. 5, 1914.) Appeal from Circuit Court, Pulaski County, First Division; Robert J. Lea, Judge. PER CURIAM. Appeal dismissed, on appellant's motion.

**KIGER v. STATE.** (Supreme Court of Arkansas. Sept. 28, 1914.) Appeal from Circuit Court, Sebastian County, Greenwood District; Daniel Hon, Judge.

PER CURIAM. Appeal dismissed on appellee's motion for failure of appellant to comply with the condition prescribed by the statute in misdemeanor cases.

**RALPH v. STATE.** (Supreme Court of Arkansas, Sept. 28, 1914.) Appeal from Circuit Court, Sebastian County, Greenwood District; Daniel Hon, Judge. PER CURIAM. Appeal dismissed on appellee's motion for failure of appellant to comply with the condition prescribed by the statute in misdemeanor cases.

**ST. LOUIS SOUTHWESTERN RY. CO. v. HEEREN.** (Supreme Court of Arkansas, Sept. 28, 1914.) Appeal from Circuit Court, Calhoun County; Charles W. Smith, Judge. PER CURIAM. Settled, and appeal dismissed on appellant's motion.

**ST. LOUIS SOUTHWESTERN RY. CO. v. TRUBY.** (Supreme Court of Arkansas. Sept. 28, 1914.) Appeal from Circuit Court, Columbia County; Charles W. Smith, Judge. PER CURIAM. Settled, and appeal dismissed on appellant's motion.

**OGLESBY v. FT. SMITH DISTRICT OF SEBASTIAN COUNTY.** (No. 38.)
(Supreme Court of Arkansas. Dec. 6, 1915.)
Dissenting opinion.
For majority opinion, see 179 S. W. 178.

McCULLOCH, C. J. (dissenting). Two of the justices who have voted to affirm this case declare the law to be that the county court has the power to employ counsel, in addition to the prosecuting attorney, to conduct litigation in which the county is interested. I agree unqualifiedly with that conclusion, and so does Mr. Justice WOOD. That makes four of the judges who are of the opinion that the county court possesses that power. The authorities cited in appellant's brief sustain that view. Those authorities relate generally to municipal corporations, but the principle is the same that where a county or municipality has authority to direct litigation in which it is interested it may employ special counsel, and the fact that an official attorney has been provided by law does not curtail that power. Our statute (Kirby's Digest, § 1493) expressly provides that the county court shall defend cases appealed to the circuit or Supreme Court, and that all expenses incurred by reason of such defense shall be paid by the county. It is therefore necessarily implied that county courts shall provide the means for conducting litigation in which it is interested, and that includes the employment of attorneys.

Two of the judges say that, while the county court has the power to employ counsel, it cannot exercise that power and enter into a contract of employment with another attorney without first obtaining the consent of the prosecuting attorney, or at least until after he has been consulted. If there is any authority at all for employing additional counsel to represent the county in its litigation, it is to be exercised by the county court. Certainly there is no authority conferred by statutes on the prosecuting attorney to exercise that power or to hinder its exercise by the county court. If the county court possesses the power at all, it may exercise it in disregard of the wishes of the prosecuting attorney and without consulting him. Any other view of the matter necessarily places the power in the prosecuting attorney, and not the